## SUPREME COURT.

In the Matter of the Habeas Corpus relative to the custody of Joseph Murphy, an infant.

Where a child in infancy was given, *verbally*, to an uncle and aunt, who took its custody, care and tuition for nine successive years;

*Held*, that the uncle and aunt, especially when in accordance with the child's interests and inclinations, were entitled to a *parent's rights*. The natural parents of the child, under such circumstances, had no legal claim to it.

In the matter of the custody of Joseph Murphy.

*New-York Special Term, May,* 1856.

ROOSEVELT, Justice. The child, whose custody is disputed in this case, is an interesting lad, nine years of age, whose life, thus far, has been spent with an aunt and uncle, as his adopted parents. Immediately on his birth—for he was only eleven weeks old—his father and, what is perhaps more important, his mother, "gave" him, as is admitted, freely, and for the best of reasons, and with the most commendable of motives, to those who ever since, with more, if possible, than a mother's and a father's solicitude, have watched over his infancy, and to whom the lad himself naturally now clings with more than filial affection. The question is, shall they, under these circumstances, and at this late period, after so many years of approving acquiescence, be now rudely torn asunder? No interest of the child demands the sacrifice. On the contrary, his education, his inclination, his prospects in life, all, as far as can now be seen or foreseen, will be best promoted by his remaining with his adopted parents. Of their own once numerous family, all are dead, except a helpless daughter. Their means are ample, and their disposition to apply them not disputed. They are not only willing, but anxious to rear and to provide for this child, in all respects as if he had sprung from their own loins. Nine years of probation, and approbation, have sufficiently established their sincerity and their ability.

Have the natural parents, in such a case, paramount legal claims? It seems to me they have not. "The court," says Chancellor KENT, (2 *Com.* 185,) "will investigate the circumstances, and act according to sound discretion; and will not, always and of course, take a child, though under fourteen years of age, from the possession of a third person, and deliver it over to the father, against the will of the child. The court will consult the inclination of the infant, if it be of sufficiently mature age to judge for itself; and even control the right of the father to the possession and education of his child, when the nature of the case appears to warrant it."

The late supreme court (8 *Johns. Rep.* 328) applied this rule

In the matter of the custody of Joseph Murphy.

to the case of two children of the name of M'Dowles, one of whom was eleven, and the other only eight years of age.

In the present case, besides the interest and inclination of the child, there is, in my view, something nearly approaching to a right on the part of the adopted parents. The child was " given " to them ; it was given by those who, or one of whom, had by law the right to make the gift. The statute of guardianship (2 R. S. 150) declares that every father of a child, under twenty-one, may " dispose of its custody and tuition during its minority, or for any less time, to any person." Ordinarily, a deed or will is necessary for that purpose. But do not nine years of undisturbed possession on the one part, and of uninterrupted acquiescence on the other, constitute as good evidence of the understanding of the parties as any written instrument? In ordinary contracts relating to property, where the statute of frauds requires them to be in writing, it is still a principle of equity jurisprudence, that part performance creates an exception to the general rule. In this case there is not only part performance, but a most substantial part. Nine years—the earliest of the twenty-one—may be justly considered as more than half of a child's minority. Having (under the verbal gift) performed a parent's duties for nine years, the uncle and aunt, especially when in accordance with the child's interests and inclinations, are entitled to a parent's rights. Those who have borne the cares of the child's earlier infancy, should enjoy the comfort of his mature years.

Ordered, that the demurrer to the return made to the writ of habeas corpus be overruled, and that the custody of the child be adjudged to the defendants.